FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 APR 10 P 3:16
CLERK L. Jebrdan
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA )
)
v. ) CR 106-157
)
MILES STEVEN BATES )

**ORDER**

Before the Court are the various pre-trial and discovery motions filed by Defendant Miles Steven Bates. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney for the Southern District of Georgia, and Nancy C. Greenwood, Assistant United States Attorney, has filed a combined response to these motions.

**GENERAL DISCOVERY MOTIONS**

1. **Discovery:**

As to Defendant's general discovery requests (doc. no. 12), the government responds that it has provided Defendant virtually its entire file through its "open file" discovery policy. The government has provided approximately 157 pages of discovery materials that include the investigation reports of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives and the United States Attorney's Office (attorney and agent work product excepted). All known statements by Defendant have also been produced, as has his criminal record. Accordingly, the Court finds that the position of the United States Attorney in

permitting full disclosure of the government's file pertaining to this case renders Defendant's discovery requests **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires defense counsel to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to the defense shall be maintained by the defense and not further disseminated. Failure to comply with the terms of this Order may result in contempt proceedings. Further addressing Defendant's specific requests for disclosure:

2. **Statements of Defendant:**

In light of the government's liberal discovery policy and the government's statement that all known statements by Defendant have been produced, this request is **MOOT**.

3. **Tangible and Seized Items:**

The government's liberal discovery policy should eliminate the possibility of surprise at trial. Therefore, this request is **MOOT**.

4. **Witnesses, Co-Conspirators and Knowledgeable Persons:**

Defendant seeks knowledge of the existence and identification of potential government witnesses that testified before any court, grand jury or other tribunal body. Defendant also request the names, addresses, telephone numbers, or any criminal records of

those persons expected to testify or who may have some knowledge of the facts of this case, but will not testify. Fed. R. Crim. P. 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Under this Rule, a defendant is entitled to discover certain materials if they are either (1) material to the preparation of the defense, or (2) intended by the government to be used as evidence, or (3) were obtained from the defendant. Fed. R. Crim. P. 16(a)(1)(E). However, this Rule is qualified and limited by Rule 16(a)(2), which provides:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

It can be seen that Rule 16(a)(2) prevents the "discovery or inspection . . . of statements made by government witnesses except as provided in 18 U.S.C. § 3500." Even if the statements satisfy one of the requirements of Rule 16(a)(1)(E), their discovery by a defendant is still barred by Rule 16(a)(2) unless those witnesses will testify at trial. In that case, the statements would be discoverable pursuant to the Jencks Act. See generally United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006) (reviewing requirements for disclosure of statements of witnesses testifying at trial and explicitly noting that "Jencks Act does not

apply to the statements of non-testifying witnesses"). The statements of persons the government does not intend to call as witnesses at trial amount, therefore, to nothing more than internal memoranda, discovery of which is not permitted pursuant to the explicit mandate of Rule 16(a)(2). If the statements are not otherwise discoverable pursuant to the rule in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny and no showing of materiality is made, they are not discoverable at all.

5. **Informants:**

Defendant seeks detailed disclosures regarding informants, "special employees," and undercover investigators. Defendant also seeks information such as "any investigative agencies' departmental rules or regulations to which any informant or special employee was hired, employed or requested to participate in the investigation of this case." Further, Defendant seeks all statements of informants as well as the identity of persons associated with the prosecution who spoke to the informants. Where the informant was not an active participant in the criminal activity, disclosure is not required. Roviaro v. United States, 353 U.S. 53, 561-63 (1957); United States v. Gutierrez, 931 F.2d 1482, 1490-91 (11th Cir. 1991); United States v. Parikh, 858 F.2d 688, 696 (11th Cir. 1988) ("factor of primary importance in striking balance (enunciated in Roviaro) is the degree of participation exercised by the informant"); United States v. Moreno, 588 F.2d 490, 494 (5th Cir. 1979) (mere possibility of obtaining relevant testimony too remote to require informant's disclosure; more than speculation about usefulness required). The government's very liberal discovery in this case should enable Defendant to adequately investigate the government's case. Otherwise, the government must disclose the identities of active participant informants.

6. **Scientific Tests, Experiments and Results:**

Defendant seeks discovery of the results of any scientific tests and experiments made in connection with this case. Defendant additionally seeks information greatly exceeding that mandated by Fed. R. Crim. P. 16. The government has acknowledged its obligation to provide all Rule 16 materials, and this request is **MOOT**.

7. **Experts:**

In light of the government's liberal discovery policy, this request is **MOOT**.

8. **Tangible Objects, Accelerated Jencks Material Notes, Destroyed or Preserved:**

The Jencks Act, 18 U.S.C. § 3500, requires the government to provide Defendant with statements of witnesses immediately following their testimony in court. There is no authority for the Court to grant an early release or disclosure of that material. United States v. Schier, 438 F.3d 1104, 1112 (11th Cir. 2006); United States v. Jordan, 316 F.3d 1215, 1251-52 (11th Cir. 2003); United States v. Jimenez, 613 F.2d 1373, 1378 (5th Cir. 1980). However, early disclosure of Jencks Act materials will avoid unnecessary delay and inconvenience to the Court and jury. The government has not opposed this motion in its response. The government is, therefore, hereby instructed to provide Jencks Act materials seven (7) days prior to trial. Defendant's request for production of internal governmental memoranda and agents' notes is **DENIED**. Defendant has made no particularized showing of need regarding these matters.

9. **Giglio Information:**

Defendant seeks discovery of any agreement made by the government with any individual which the government's case is based and relates to the credibility of that

individual. The Court deems this requests **MOOT** in view of the government's statement that if such material has not already been disclosed as part of its "open file" discovery policy, it is willing to provide such material - to include plea agreements, any promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent that they are known to the government, impeachable criminal convictions, prior inconsistent statements of the like - no later than one week prior to trial.

10. **Law Enforcement Agents' Identities:**

In light of the government's liberal discovery policy, this request is **MOOT**.

11. **Polygraph Examinations:**

In light of the government's liberal discovery policy and the disclosure that no polygraph examinations were conducted in this case (doc. no. 25, p. 2), this request is **MOOT**.

12. **Psychiatric or Psychological Examinations:**

In light of the government's liberal discovery policy, this request is **MOOT**.

13. **Favorable Evidence under Brady and Giglio:**

Defendant seeks discovery of any favorable evidence in the possession of the government in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). To some extent, Defendant's request exceeds the scope of Brady. Brady material includes information that is favorable to Defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). This request is **GRANTED** to the extent that the government must provide all Brady material to Defendant within five (5) days of the date it is received or its

existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

14. **Miscellaneous Requests:**

In light of the government's "open file" discovery policy, these requests are **MOOT**. However, as noted above, if there are any outstanding discovery requests, defense counsel should submit, not later than five (5) days from the date of this Order, a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

## MOTION FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant Bates filed a motion seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; see also Loc. Crim. R. 12.3.

In its Arraignment Order dated January 5, 2007 (doc. no. 7), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosure in

accordance with the Local Rules. Accordingly, this motion requesting 404(b) disclosures, which the government has already been directed to make, is **MOOT**. (Doc. no. 16).

**MOTION TO PRESERVE RECORD AS TO RACE OF EACH VENIREMAN AT TRIAL**

The Equal Protection clause forbids prosecutors from challenging potential jurors solely on account of their race. Batson v. Kentucky, 476 U.S. 79, 89 (1986). As this information would be necessary for an appeal under Batson, the motion is **GRANTED**. (Doc. no. 14).

**MOTION TO ALLOW PARTICIPATION IN VOIR DIRE**

This motion is **GRANTED** (doc. no. 23), subject to the following terms and conditions:

(a) Unless otherwise instructed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which he desires to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

**MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS**

Defendant Bates filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 15). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have

probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED.** The government is required to preserve all evidence in this case.

**MOTIONS FOR LIST OF GOVERNMENT WITNESSES and FOR DISCLOSURE OF BAD ACTS OR PRIOR CRIMES OF WITNESSES**

Defendant Bates has filed a motion requesting that the government be ordered to furnish a complete list of witnesses, as well as a motion requesting the criminal records of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, the motion for a list of government witnesses is **DENIED**. (Doc. no. 18).

As to the request for criminal records of witnesses, the Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross examination the testimony of witnesses for the prosecution. United States v. Yates, 438 F.3d 1307, 1318

(11th Cir. 2006) (*en banc*); United States v. Lyons, 403 F.3d 1248, 1255-56 (11th Cir. 2005); United States v. Novaton, 271 F.3d 968, 997 (11th Cir. 2001); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1370 (11th Cir. 1994). This right is not, however, unlimited. While Fed. R. Evid. 608(b) allows cross examination of a witness as to specific instances of misconduct, the government does not have a duty to investigate each witness. This Rule must also be construed to limit cross examination to those acts of conduct "which are generally agreed to indicate a lack of truthfulness." 4-608 Weinstein's Federal Evidence § 608.22. The types of acts which satisfy this strict test are forgery, bribery, cheating, embezzlement, false pretenses, fraud and perjury. Id. Moreover, the government has stated its willingness to provide, seven (7) days prior to trial, rap sheets or criminal convictions of witnesses which the government learns about and which could properly be used for impeachment under Fed. R. Evid. 609. Beyond the government's continuing duty to disclose under Brady v. Maryland, 373 U.S. 83 (1963), and the parameters discussed herein, Defendant's motion is **DENIED**. (Doc. no. 20).

## MOTION FOR DISCLOSURE OF ELECTRONIC SURVEILLANCE and FOR A FULL INVESTIGATION OF SURVEILLANCE

In light of the government's "open file" discovery policy, as well as the government's disclosure that it is not aware of any electronic surveillance conducted in this case, these requests are **MOOT**. (Doc. nos. 19-1, 19-2).

## MOTION TO PROVIDE TRANSCRIPTS OF GRAND JURY PROCEEDINGS

Defendant Bates moves to disclose grand jury proceedings including a transcript thereof. "A defendant must show 'particularized need' to justify infringement of secrecy

surrounding a grand jury. . . . Unsubstantiated allegations of grand jury manipulation do not satisfy the 'particularized need' standard." United States v. Cole, 755 F.2d 748, 758 (11th Cir. 1985); United States v. Tucker, 526 F.2d 279, 282 (5th Cir. 1976); see also United Kingdom v. United States, 238 F.3d 1312, 1321-22 (11th Cir. 2001) (recognizing that Eleventh Circuit precedent requires showing of "particularized need" to obtain disclosure of protected grand jury materials). Defendant has expressed a general desire to review those records but has not attempted to show a particularized need for them. Accordingly, the motion for disclosure of grand jury proceedings is **DENIED**. (Doc. no. 21). The Court is aware that the government has stated its intent to provide Jencks Act materials, including the grand jury transcripts, seven (7) days prior to trial.

## MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Bates is **DENIED**. (Doc. no. 22). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment, and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

## MOTIONS FOR RECIPROCAL DISCOVERY and NOTICE OF EXPERT TESTIMONY

These motions filed by the government seek reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of

the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, these motions are **GRANTED**. (Doc. nos. 25-1, 25-2).

**GOVERNMENT'S MOTION FOR NOTICE OF ALIBI DEFENSE**

Pursuant to Fed. R. Crim. P. 12.1, the government requests that Defendant serve upon the government a written notice of his intention to offer a defense of alibi. Defendant has filed no response to the government's motion and it is, therefore, **GRANTED**. (Doc. no. 25-3). Defendant shall serve upon the government his notice of intent to rely upon the defense of alibi, if applicable, within five (5) days of the date of this Order.

SO ORDERED this 10th day of April, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA

vs. * CASE NO. 1:06-CR-157

MILES STEVEN BATES

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below;
   and
2. That the aforementioned envelope(s) contain a copy of the documents known as ORDER dated 4/10/07, which is part of the official records of this case.

Date of Mailing: 4/10/07
Date of Certificate: 4/10/07

SCOTT L. POFF, CLERK

By: L Flanders

NAME:
1. Miles Steven Bates
2. Perry Sentell
3.
4.
5.
6.
7.

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds